Henry ALBERT, et al.

v.

TOWN OF FAIRFIELD.

Supreme Judicial Court of Maine.

Argued Sept. 6, 1991.
Decided Oct. 18, 1991.

Orville T. Ranger (orally), Ranger, Fessenden, Copeland & Smith, Brunswick, for plaintiffs.

Donald E. Eames (orally), Eames & Stearns, Skowhegan, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Plaintiffs, fourteen residents of the Town of Fairfield, appeal from a judgment of the Superior Court (Somerset County, *Smith, J.*). The court denied their request for a declaration that a municipal referendum overturning the town council's acceptance of a town way is invalid. On appeal, plaintiffs argue that the acceptance of a town way is not subject to referendum, or alternatively, that defects in the procedure rendered the petitions and subsequent election invalid. Finding no error, we affirm.

The relevant facts may be summarized as follows: In 1989, the Fairfield town council accepted Williams Street extension as a town way, and plaintiff William Sturtevant conveyed the street to the town by a recorded quitclaim. Within thirty days, petitions were filed by residents of the town seeking to overturn the acceptance of the street. Although the validity of the petitions was challenged, the town council determined that the petitions were valid and called a special election to vote on the referendum. The election resulted in a vote rejecting the council's acceptance of the street. Plaintiffs filed a complaint seeking declaratory and injunctive relief. They now appeal from the unfavorable ruling obtained in the Superior Court.

## I

Plaintiffs first argue that the action of the town council in accepting the town way is not subject to referendum. The referendum provision in the Fairfield town charter is set forth in section 701 and provides:

> The qualified voters of the Town shall have power to require reconsideration by the council of any adopted Action and, if

the Council fails to repeal an Action so reconsidered, then to approve or reject it at a Town Election.

Plaintiffs contend that if the referendum procedure applies literally to "any action," it will produce absurd results. They argue that "actions" must be restricted to legislative enactments, or laws and ordinances governing the business of the Town of Fairfield, as distinguished from an order accepting the dedication of land for a town way. Although there are limits to the exercise of the right of referendum, we conclude the action in this case is subject to referendum.

In other jurisdictions, the power of referendum is usually defined as restricted to legislative measures and does not extend to executive or administrative action taken by a municipality. *See* 5 E. McQuillin, *The Law of Municipal Corporations* § 16.55 (3d ed. 1989). Our law does not explicitly include such a distinction. In Maine, the constitutional grant of the power of referendum permits a municipality to "establish the direct initiative and people's veto for the electors of such city in regard to its *municipal affairs ....*" Me.Const., art. IV, pt. 3, § 21 (emphasis added).[1] In *Burkett v. Youngs*, 135 Me. 459, 464, 199 A. 619, 621 (1938), we defined "municipal affairs" as "compris[ing] the internal business of a municipality" and described the referendum as affecting "only those ordinances and resolves that are municipal legislation." *Id.* at 466, 199 A. at 621. Thus far, we have attempted to distinguish between state and local affairs rather than between legislative and administrative action.

> [M]atters which relate, in general, to the inhabitants of the given community and the people of the entire State, are of the prerogative of State government. The State at large is equally concerned with the city regarding education, the support of the poor, the construction and maintenance of highways, the assessment and collection of taxes, and other matters. In fact, there are comparatively few gov-

---

1. This power is subject only to the Legislature's authority to "at any time provide a uniform method for the exercise of the initiative and referendum in municipal affairs." To date, the Legislature has not adopted a uniform method.

ernmental doings that are completely municipal.

*Id.* at 466–67, 199 A. at 622 (citations omitted). We held in *Burkett* that the referendum procedure could not be used to reject the city council's adoption of a general appropriation resolve, as such an action is both a state and local matter. "Where the manifest intention of the Constitution is that, in relation to cities, the referendum shall be limited to municipal affairs, that intention must prevail." *Id.* at 467, 199 A. at 622–23. *See also LaFleur v. Frost,* 146 Me. 270, 80 A.2d 407 (1951). Whether the analysis is premised on municipal versus state affairs or legislative versus administrative duties, the goal remains the same: identify those areas in which the municipality has been given the discretion to do as it wishes. In such areas, the action of the municipality's legislative body is subject to the referendum procedure. *See* McQuillin, *supra.*

■ The present case involves the acceptance of a town way. The legislative body of the town is given broad discretion to accept a dedication of land for local highway purposes. "A municipality may accept a dedication of property or interests therein by an affirmative vote of its legislative body." 23 M.R.S.A. § 3025 (1980). Because the legislature has committed the decision to accept a town way to the legislative discretion of a municipality, such an action is exclusively a municipal affair, and the right of referendum exists pursuant to the Maine Constitution and the municipal charter.

### II

■ Plaintiffs next argue that the procedure for gathering the petitions was defective and the election was invalid. The referendum procedure for the Town of Fairfield is set forth in section 703 of the municipal charter:

> All actions shall be subject to overrule by Referendum as follows: If within 30 days after the enactment of any such Action, not less than 10% of the number of votes for all candidates for governor cast in the Town of Fairfield at the next previous gubernatorial election is filed with the Town Clerk requesting its reference to a referendum, the Council shall call a public hearing as provided in section 204(6) to be held within 30 days from the date of filing of such petition with the Town Clerk, and shall within 30 days after said public hearing call a special town election for the purpose of submitting to a referendum vote the question of adopting such Action. Pending action by the voters of the Town, the referred Action shall be suspended from becoming effective until it has received a vote of the majority of the voters voting on said question.

Admittedly, the petitions filed with the municipal clerk do not comply with the requirements specified for statewide petitions. *See* Maine Const. art. IV, pt. 3, § 20 and 21–A M.R.S.A. §§ 901–903 (Supp. 1990).[2] Plaintiffs contend that the town charter incorporates the state requirements and therefore the petitions are invalid.

Because section 703 of the charter contains no provision governing the form and methods of preparation, circulation, and verification of the petitions, plaintiffs look to section 203, which states:

> Nominations and elections shall be carried out in the manner prescribed by the general law relating to municipalities.

The "general law relating to municipalities" is contained in Title 30–A M.R.S.A.,[3]

---

**2.** The petitions lacked certain formalities that would be required for statewide petitions. For example, the petitions did not include the name of the circulator, were not verified as to the authenticity of the signatures, did not include complete instructions to inform the signer, circulator, and clerk of the statutory and constitutional requirements, and were not on forms supplied by the town clerk upon application by the circulator.

**3.** 30–A M.R.S.A. § 2501 (Supp.1990) provides:

> Except as otherwise provided by this Title or by charter, the method of voting and the conduct of a municipal election are governed by Title 21–A.
>
> **1. Clerk to perform duties of Secretary of State.** When Title 21–A applies to any municipal election, the municipal clerk shall perform the duties of the Secretary of State prescribed by Title 21–A.
>
> . . . .

and incorporates the election laws of Title 21–A M.R.S.A.,[4] which in turn incorporates the Maine Constitution. Thus plaintiffs reach the conclusion that the procedures in Title 21–A and the Constitution are made applicable by section 203 of the charter. We reject the notion that "elections" in section 203 is synonymous with "referendum" in section 703. Section 203 of the charter was not intended to adopt the constitutional and statutory provisions dealing with a statewide referendum.

We have held that "cities are free to adopt machinery [for the referendum procedure] which appears best suited to their particular needs." *Von Tiling v. City of Portland,* 268 A.2d 888, 891 (1970). Accordingly, municipalities are free to impose different requirements than those governing statewide petitions. In reviewing referendum procedures, we ask:

> Is any invalidity disclosed in the machinery adopted which would require a determination that it is not a valid system under the Constitution?

*Von Tiling,* 268 A.2d at 891; *LaFleur v. Frost,* 146 Me. at 284, 80 A.2d at 414. Although the procedures are significantly less formal than those adopted for statewide elections, plaintiffs have demonstrated no constitutional invalidity.

The entry is:

Judgment affirmed.

All concurring.

---

**4.** 21–A M.R.S.A. § 901 provides:

On a voter's written application, signed in the office of the Secretary of State on a form designed by the Secretary of State, the Secretary of State shall furnish enough petition forms to enable the voter to invoke the initiative procedure or the referendum procedure provided in the Constitution of Maine. Article IV, Part Third.

