**Appeal of Jed DAVIS, General Election, House District 45.**

Supreme Judicial Court of Maine.

Feb. 18, 1977.

James E. Mitchell, Augusta, for appellant.

Gordon H. Smith, Charles E. Moreshead, Augusta, for appellee.

Donald G. Alexander, Asst. Atty. Gen., Augusta, for Attorney General.

Before DUFRESNE, C. J., and POME-ROY, WERNICK, ARCHIBALD, DELA-HANTY and GODFREY, JJ.

POMEROY, Justice.

This appeal is the first to be brought pursuant to the provisions of 21 M.R.S.A. § 1421 *et seq.* The appeal is from a determination by the Commission on Governmental Ethics and Election Practices.

We dismiss the appeal.

As above mentioned, this appeal has been brought pursuant to 21 M.R.S.A. § 1421, *et seq.*; in particular, section 1424. This section seemingly provides for an appeal to the Supreme Judicial Court[1] on questions of law. The statute, in pertinent part, reads:

"An appeal from a *final determination of the commission* may be taken to the Supreme Judicial Court on questions of law . . . ." (Emphasis added.)

■ It becomes obvious that the right of appeal does not exist until there is a *final* determination by the commission. It is, therefore, incumbent upon us to decide whether the determination reached by the commission in this case is a *final* determination so as to trigger the appeal procedure provided for in section 1424.

■ A basic tenet of statutory construction is to attach the plain meaning to the words chosen by the Legislature. Final is defined as "CONCLUSIVE, DECISIVE . . . ." Webster's New International Dictionary, Third Edition, Unabridged, 1971. A "final determination of the commission" must then be defined as a conclusive determination by them; that is, the commission's decision would be the last decision, subject only to a review by this court for errors of law. A final determination would be equivalent to having the

authority to actually decide the outcome of the election it is considering.

By the express terms of 21 M.R.S.A. § 1421, the commission in the instant case is directed to merely "make findings of fact and opinion . . . ."

Section 1421 reads:

"The Commission on Governmental Ethics and Election Practices . . . shall make findings of fact and *opinion* on the final determination of election results . . . that are contested."

(Emphasis added.)

Section 1422 reads:

"If . . . there are challenged ballots which affect the result of a primary, general or special election involving county, *state* or federal office, the commission shall make findings of fact and *opinion* on the validity of such ballots. . . ." (Emphasis added.)

Section 1423(2) reads:

"On completion of such review and hearings, the commission shall make findings of fact and an *opinion* on the final determination of the election."

(Emphasis added.)

Section 1423(3)(A) reads:

"In cases involving elections, where the Constitution of this State or the United States Constitution provides for final determination of the election of a candidate, the commission *shall transmit to the body vested with final determination powers* a copy of the findings of fact and *opinion.*" (Emphasis added.)

■ The election which is the subject of the appeal before us was between three candidates (only two of whom appeared before the commission) for the House of

1. The intention of the Legislature in providing for an appeal to the Supreme Judicial Court, without specific reference to its

function as the law court, need not be determined at this time.

Representatives for District 45. The statute clearly provides that the result of the commission's action is merely an *opinion* as to what the final determination of the election should be. 21 M.R.S.A. § 1423(3)(A). It is not a binding, conclusive determination of the result of the election, i. e., it is not a final determination. This characterization of the commission's determination is consistent with the requirements of the Constitution of the State of Maine.

Article IV, Part Third, section 3 of the Maine Constitution requires that:

"Each House shall be the judge of the elections and qualifications of its own members . . . ."

▇▇ The fact that constitutionally the commission cannot be vested with the authority to reach a *final* determination produces an anomalous result within the framework of this statute. An appeal may only be filed with the Supreme Judicial Court once the commission has reached a final determination. As the commission can never reach a final determination in

2. We consider it appropriate to point out that it appears that the commission is not vested with the authority to reach a final determination in any election. Section 1423(3)(B) reads: "In cases involving general and special elections for county office, the commission shall transmit a copy of the findings of fact and *opinion* to the Secretary of State for . . . delivery to the Governor . . . . *The Governor shall make the final determination in such cases*, subject to the right of appeal provided in section 1212." (Emphasis added.) Section 1423(3)(C) reads: "In all other cases involving primary, general and special elections, the commission shall transmit a copy of the findings of fact and *opinion* to the Secretary of State for . . . delivery to the Governor . . . . The Governor shall make the final determination in such other cases." (Emphasis added.)

These provisions would seem to provide no opportunity for the commission to ever reach a final determination. The direct result of this is that an appeal to the Supreme Judicial Court will never lie from a determination of the commission, rendering 21 M.R.S.A. § 1424 a nullity.

an election of this type,[2] no right of appeal to the Supreme Judicial Court can exist.

An argument that this case is before the Supreme Judicial Court as a result of the appeal procedure provided by 21 M.R.S.A. §§ 1152(8), 1153, does not eliminate the problem. The obvious reason for this is that subsection (A) of section 1152(8) specifically excludes election contests of this type from being appealable to the commission initially. If the inconsistency found in section 1152(8)(A) and sections 1421 and 1422 could be resolved, section 1152(8) must be read in conjunction with section 1153, which indicates the method in which an appeal to the commission is to be taken. Section 1153 merely directs one to follow the procedure as outlined in 21 M.R.S.A. § 1421 *et seq.*

The result of this analysis is obvious. The Supreme Judicial Court has no jurisdiction to hear this appeal.

The entry must be:

Appeal dismissed.

All Justices concurring.

This unusual situation is explained by an examination of the development of chapter 36 of Title 21. When 21 M.R.S.A. § 1423 (3) was initially enacted (P.L.1975, c. 621, § 10), it read: "Where the Constitution of this State or of the United States Constitution provides for final determination of the election of a candidate, the commission shall transmit to the body vested with final determination powers a copy of the findings of fact and opinion. In all other cases, the commission shall issue a *final ruling on the determination* of the election of a candidate, certify such ruling to the Secretary of State for preparation and delivery to the Governor and Council . . . ." (Emphasis added.) This subsection was amended by P.L.1975, c. 759, § 4 and represents the current statutory enactment. 21 M.R.S.A. § 1424, the appeal procedure to the Supreme Judicial Court, was not amended by P.L.1975, c. 759, and exists as it was originally enacted by P.L.1975, c. 621, § 10. P.L.1975, c. 621, § 10 originally authorized the commission to make final determinations in certain elections.