Marie MARCHIORI

v.

AMERICAN REPUBLIC INSURANCE CO., et al.

Supreme Judicial Court of Maine.

Submitted on Briefs June 7, 1995.

Decided Aug. 1, 1995.

Marvin Glazier, James C. Munch, III, Vafiades, Brountas & Kominsky, Bangor, for plaintiff.

Thad B. Zmistowski, Eaton, Peabody, Bradford & Veague, Peter Anderson, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

ROBERTS, Justice.

American Republic Insurance Company appeals from a judgment entered in the Superior Court (Penobscot County, *Pierson, J.*) affirming a judgment entered in the District Court (Bangor, *Russell, J.*) in favor of Marie Marchiori. American Republic challenges the District Court's implicit finding that Cary Butterfield, the individual who sold an American Republic health insurance policy to Marchiori, was its agent. American Republic also argues that 24–A M.R.S.A. § 2411 (1990) does not require it to provide coverage in this instance. Because we disagree with both of American Republic's contentions, we affirm the judgment.

Marie Marchiori and her mother, Carol Eremita, arranged a meeting in September 1987 with insurance agent Cary Butterfield for the purpose of purchasing health insurance. During the meeting, Marchiori informed Butterfield that she was born with an intestinal ailment known as atresia of the jejunum and that she had undergone surgery when she was an infant to repair the condition. She also informed him that she had a history of chronic stomach pain and that she had visited her family doctor approximately two years before as a result. She reported that her family doctor had found nothing abnormal. Although the insurance application required disclosure of preexisting conditions and purported to disclaim coverage for undisclosed conditions, Butterfield failed to record that information on the application.

After Butterfield completed the application, Marchiori signed it. The application included language that read as follows:

> This application is complete and true to the best of my knowledge and belief. I understand that American Republic Insurance Company is deemed to know only facts contained in this application. The Company does not authorize any agent or medical examiner to accept risks, to pass on the acceptability for insurance, or to make, change, or end any insurance contract.

Marchiori acknowledged that she had read that specific language. Butterfield also signed the application on a line that was designated "Signature of Licensed Resident Agent."

Approximately eighteen months after receiving the policy, Marchiori visited a doctor complaining of increasingly intense abdominal pain. She underwent surgery to repair degeneration around the site of her neonatal surgery. American Republic denied the claims that she submitted for the medical expenses related to her surgery because the history of her intestinal ailments did not appear on the insurance application.

Marchiori sued American Republic to recover her medical expenses related to the abdominal surgery.[1] After a trial, the Dis-

---

1. Marchiori also included claims against Butterfield and American Republic for fraudulent misrepresentation, punitive damages, negligence, and negligent infliction of emotional distress. American Republic and Butterfield cross-claimed against each other for negligent misrepresentation. The court entered judgment for American Republic and Butterfield on all of these other claims and cross-claims, and neither Butterfield nor Marchiori have appealed.

trict Court issued findings of fact and entered a judgment in favor of Marchiori for $9540.97 on her breach of contract claim. It found that Marchiori and her mother fully disclosed Marchiori's medical history to Butterfield and neither "misrepresented facts nor intended to withhold information reasonabl[y] responsive to any questions in the application." After the Superior Court affirmed the judgment, American Republic filed a timely notice of appeal.

■ American Republic has consistently mischaracterized the issue as "whether Butterfield could bind the Company." The fact of agency, not the authority to bind, is the real issue; and despite its argument to the contrary, American Republic admitted that Butterfield was an agent of American Republic in its answer to Marchiori's complaint. Moreover, the evidence is sufficient to support the District Court's implicit conclusion that Butterfield had implied authority to obtain medical information on behalf of American Republic. Butterfield explained that he had authority to solicit applications for insurance and to sell American Republic insurance policies. Both Butterfield and American Republic acknowledged that American Republic relied on the information he provided in deciding whether to accept particular risks. See Libby v. Concord Gen. Mut. Ins. Co., 452 A.2d 979, 982 (Me.1982) (implied authority is actual authority proven from the facts and circumstances attending the transaction in question, including customs and relations of the parties).

Because Butterfield was American Republic's agent for purposes of obtaining medical information on insurance applications, his knowledge of Marchiori's medical history is imputed to American Republic. Although no Maine case addresses the question, substantial authority from other jurisdictions recognizes that the insurer is deemed to have knowledge of facts known to its agent. See, e.g., Ross v. Western Fidelity Ins. Co., 872 F.2d 665, 670 (5th Cir.1989); Union Bankers Ins. Co. v. McMinn, 541 So.2d 494, 497 (Ala. 1989). The rule has been applied even when, as in the instant case, the application includes a clause in which the insured purports to verify the information contained in the application. See Marionjoy Rehabilitation Hosp. v. Lo, 180 Ill.App.3d 49, 129 Ill.Dec. 296, 298–99, 535 N.E.2d 1061, 1063–64 (1989).[2]

■ In any event, 24–A M.R.S.A. § 2411 protects Marchiori.[3] Pursuant to section 2411, no insurer may avoid coverage under a policy based on any misrepresentation or omission made in the application unless the insurer shows that the misrepresentation or omission was made fraudulently, that the misrepresentation or omission was material, and that the insurer would have made a different decision on the coverage had it known the true state of affairs. See American Home Assur. Co. v. Ingeneri, 479 A.2d 897, 900 (Me.1984). The insurer must prove that all three conditions are satisfied. Id.

The trial court found that Marchiori made no misrepresentations at all. It believed her testimony that she explained her medical condition to Butterfield. That credibility determination is not clearly erroneous. More-

2. The Lo court nevertheless allowed the insurer to avoid coverage on the grounds that the insured's subsequent review and reaffirmation of the answers contained in the application was an affirmative act of bad faith. Marionjoy Rehabilitation Hosp. v. Lo, 180 Ill.App.3d 49, 129 Ill.Dec. 296, 300, 535 N.E.2d 1061, 1065 (1989). In this case, the District Court specifically found that Marchiori did not act in bad faith.

3. 24–A M.R.S.A. § 2411 (1990) provides:

Representations in applications
All statements and descriptions in any application for insurance or for an annuity contract, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
1. Fraudulent; or
2. Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
3. The insurer in good faith would either not have issued the insurance or contract, or would not have issued it at the same premium rate, or would not have issued insurance in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

over, the representative of American Republic admitted that he could not say whether the company would have made a different coverage decision if it had been aware of Marchiori's condition. The statute therefore prohibits American Republic from avoiding coverage based on Butterfield's failure to record Marchiori's complete medical history.

■ American Republic's argument that Marchiori has waived the protection of the statute is unavailing. It rests on the mistaken assumption that Marchiori must specifically invoke the statute in some manner other than by bringing suit to enforce the contract of insurance. "[S]tatutes relating to the effect of misrepresentations and warranties are in law part of the contract of insurance entered into by the parties. The statutory terms are read into and form part of the contract of insurance." 7 COUCH ON INSURANCE 2D § 35:21 (rev. ed. 1985).

The entry is:

Judgment affirmed.

All concurring.