**MASSACHUSETTS CASUALTY INSURANCE COMPANY,**
Plaintiff,

v.

**Thomas J. VANIDESTINE, Jr., Defendant.**

Civ. No. 96–235–B.

United States District Court, D. Maine.

Oct. 7, 1997.

Robert C. Brooks, Verrill & Dana, Portland, ME, for Plaintiff.

Daniel J. Perry, Warren M. Silver, P.A., Bangor, ME, for Defendant.

## ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

Plaintiff, Massachusetts Casualty Insurance Company ("MCIC"), brings this action for a declaratory judgment absolving it of its obligation to pay benefits pursuant to a disability income insurance policy ("the policy") issued to Defendant, Thomas J. Vanidestine, Jr. ("Vanidestine"). Plaintiff contends that Defendant misrepresented a pre-existing medical condition in his policy application, and that such misrepresentation allows Plaintiff to rescind the policy. Defendant counterclaims, alleging violation of the Maine Unfair Trade Practices Act, 5 M.R.S.A. §§ 205A–214, and breach of contract. The parties submitted this case to mediation, arrived at a partial settlement contingent on the resolution of a single question of law, and filed a Joint Motion for Judgment on Stipulated Facts. Before the Court is the sole question of whether a health insurer, in order to rescind a policy, must prove that a misrepresentation was (1) fraudulent; (2) material; and (3) relied upon. Plaintiff contends that an insurer need only prove one of the aforementioned conditions. Defendant argues that an insurer may only rescind a policy after establishing all three of these conditions.

## BACKGROUND

The parties have entered into the following stipulations: On September 28 or 29, 1994, Defendant completed an application for a disability income insurance policy with Plaintiff. As part of the application process, Defendant and Plaintiff's agent completed a Conditional Insuring Agreement and Defendant tendered a check in the amount of $155 for premiums. On October 21, 1994, Plaintiff issued a policy to Defendant which incorporated the application completed by Defendant in September. In response to a question on that application, Defendant denied that he had ever been treated for or had any "known indication" of a disease or disorder of the back. In fact, Defendant had been diagnosed in 1987 with spondylolisthesis, a disorder of the back, and knew that he continued to suffer from that condition at the time he applied for the policy.

On or about April 4, 1996, Defendant notified Plaintiff he was claiming a disability, a back injury or disease, which allegedly began on March 9, 1996. While investigating the claim, Plaintiff discovered that Defendant suffered from a degenerative disease of the back prior to September 28, 1994. Plaintiff's chief underwriter testified under oath at a deposition that, pursuant to Plaintiff's underwriting rules, Plaintiff would not have issued Defendant a policy without an exclusion for back-related disabilities had it known of Plaintiff's spondylolisthesis. On October 18, 1996, Plaintiff notified Defendant by letter of its decision to rescind the policy based on misrepresentations on the application. On October 21, 1996, Plaintiff commenced this action seeking a declaration that it was entitled to rescind the policy on account of Defendant's misrepresentation with respect to his pre-existing back condition.

For the purposes of this motion, the parties have further stipulated that Plaintiff can prove that Defendant misstated his medical history concerning his back on the application, that this misstatement was material to the acceptance of the risk or to the hazard assumed by Plaintiff, and that Plaintiff in good faith would either not have issued the insurance or contract, or would not have issued it at the same premium rate, or would not have issued insurance in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to Plaintiff as required either by the application for the policy or the contract or otherwise. The parties have also stipulated that

Plaintiff cannot prove that Defendant's misstatement was made fraudulently.

## DISCUSSION

■ The effect of a misrepresentation made in an application for an insurance policy is governed by statute. Section 2411 of Title 24–A of the Maine Revised Statutes Annotated provides:

All statements and descriptions in any application for insurance or for an annuity contract, by or on behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:

   1. Fraudulent; or

   2. Material either to the acceptance of the risk or to the hazard assumed by the insurer; or

   3. The insurer in good faith would either not have issued the insurance or contract, or would not have issued it at the same premium rate, or would not have issued insurance in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

24–A M.R.S.A. § 2411

A common sense reading of section 2411, specifically its use of "either ... or," suggests that its requirements are to be read in the disjunctive. Were this a case of first impression, this Court might end the inquiry here, for "[a] basic tenet of statutory construction is to attach the plain meaning to the words chosen by the Legislature." *Appeal of Davis*, 369 A.2d 628, 629 (Me.1977). However, the Maine Supreme Judicial Court in *American Home Assurance Co. v. Ingeneri*, 479 A.2d 897, 900 (Me.1984), ruled squarely on this issue, holding that section 2411 must be read in the conjunctive in order to give effect to the legislative purpose of protecting the insured. *See also Patrons Mutual Insurance Co. v. Rideout*, 411 A.2d 673, 676 (Me.1980) ("[s]ection 2411 manifests a legislative purpose to protect insureds"). Moreover, the Supreme Judicial Court has recently affirmed, and this Court has previously recognized, the conjunctive reading required by *Ingeneri*. *See Marchiori v. American Republic Ins. Co.*, 662 A.2d 932, 934 (Me.1995) ("[p]ursuant to section 2411, no insurer may avoid coverage under a policy based on any misrepresentation or omission made in the application unless the insurer shows that the misrepresentation or omission was made fraudulently, that the misrepresentation or omission was material, and that the insurer would have made a different decision on the coverage had it known the true state of affairs. The insurer must prove that all three conditions are satisfied"); *Grover v. Commercial Ins. Co. of Newark, N.J.*, 108 F.R.D. 366, 370 (D.Me.1985) ("for a misrepresentation to prevent recovery under an insurance policy, it must be fraudulent and material, and the insurer must have relied on it"). Maine case law clearly states that Plaintiff must prove all three subsections of section 2411 in order to absolve itself of its obligations to Defendant.

■ Plaintiff argues that section 2411 must be read in the disjunctive if it is to be consistent with section 2706 of the Maine Insurance Code, which by its terms permits rescission for non-fraudulent misstatements made in health insurance applications if such rescission is made within three years of the date of issue of the policy. 24–A M.R.S.A. § 2706. Section 2706 requires every health insurance contract to include an "incontestability clause." Specifically, the statute mandates:

There shall be a provision as follows:

Time limit on certain defenses: (a) After 3 years from the date of issue of this policy no misstatements, except fraudulent misstatements, made by the applicant in the application for such policy shall be used to void the policy or to deny a claim for loss incurred or disability, as defined in the policy, commencing after the expiration of such 3–year period.

24–A M.R.S.A. § 2706. Such incontestability clauses "accommodate the interests of both insurers and insureds, based on two compet-

ing policies: promoting insurance security and deterring insurance fraud" by "set[ing] temporal limits on an insurer's right to challenge its insurance policy based on alleged misstatements in the insurance application." *Velez–Gomez v. SMA Life Assurance Co.*, 8 F.3d 873, 875–76 (1st Cir.1993) (citing 1A J. Appleman, Insurance Law and Practice, § 311 at 313 (1981) & 18 G. Couch, Couch on Insurance 2d § 72:9 (rev. ed.1983)). Pursuant to section 2706, the policy in this case imposed a two year contestable period.[1] The policy provides:

> After two years from the effective date of this Policy, only fraudulent misstatements in the application for this Policy may be used to void it or to deny any claim for loss incurred or disability that starts after the two year period.

■ Plaintiff argues that by excluding "fraudulent misstatements" from coverage of the incontestability clause, the Insurance Code makes an explicit distinction between fraudulent and non-fraudulent misrepresentations in the health insurance context, permitting rescission for the former at any time and rescission for the latter only within the three year contestability period. Plaintiff contends that the *Ingeneri* decision, applied to health insurance, renders section 2706 incontestability clauses meaningless because it requires proof of fraud at all times.[2]

■ Plaintiff's argument has merit. However, *Ingeneri* is the governing law as interpreted by the State's highest court, and as such it is binding on this Court. While a federal court may determine what local law is if there are no decided cases on point, "when it is clear from the decisions of the state court what the law is, we are not at liberty to establish a new rule because we are of the opinion that it is sounder or of more general application." *Boston Casualty Co. v. Bath Iron Works Corp.*, 136 F.2d 31, 32 (1st Cir.1943); *See also Taylor v. Aetna Cas. & Sur. Co.*, 867 F.2d 705, 706 (1st Cir.1989) (quoting *Plummer v. Abbott Laboratories*, 568 F.Supp. 920, 927 (D.R.I.1983) " '[i]t is not for [a federal] court, sitting in diversity jurisdiction, to blaze a new trail where the footprints of the state courts point conspicuously in a contrary direction' "). This Court will not, and indeed cannot, reverse a longstanding state policy of protecting insureds. To the extent that *Ingeneri*'s interpretation of section 2411 is inconsistent with the plain language of section 2706, section 2706 is rendered null and void.[3] This conclusion is supported by the language of section 2706 which provides that incontestability clauses, although required, "shall not be so construed to affect *any legal requirement* for avoidance of a policy or denial of a claim during such initial 3–year period." 24–A M.R.S.A. § 2706(a)(1) (emphasis added).

Recognizing that this Court cannot "overrule" *Ingeneri*, Plaintiff urges the Court to "resolve the inconsistencies" between *Ingeneri* and section 2706 by holding that *Ingeneri* does not apply to health insurance policies.[4]

---

1. The Maine Insurance Code permits insurers to vary required terms as long as the change is "not less favorable" to the insured. 24–A M.R.S.A. § 2704(1).

2. The parties disagree over whether Plaintiff brought this action within the two year contestable period. Defendant argues that his policy became "effective" for purposes of the contestable period the day he signed the insurance application, September 28 or 29, 1994, and that Plaintiff missed the contestable period by filing this suit on October 21, 1996. Plaintiff claims that the policy did not become effective for purposes of the incontestability clause until the day the policy was issued, October 21, 1994. The Court need not reach this issue, however, in light of its finding that *Ingeneri* requires Plaintiff to prove fraud at all times. In so far as the incontestability clause of this insurance contract is inconsistent with *Ingeneri*, it is without force. The Court

cannot decide this case on the basis of a contractual provision that is contrary to the law of the State as expressed by the Maine Supreme Judicial Court.

3. Apparently only one other court has had before it the question of *Ingeneri*'s effect on section 2706. *See Grover v. Commercial Ins. Co. of Newark, N.J.*, 108 F.R.D. 366 (D.Me.1985). In *Grover*, the defendant insurance company put forth a similar argument to that offered here by Plaintiff. However, the court found that because the health insurance policy in question was a group policy, to which section 2706 does not apply, section 2411 alone governed rescission. As such, the court did not reach the question of how section 2706 interacts with section 2411 and *Ingeneri*.

4. Section 2706 is part of the Uniform Health Policy Provision Law and applies only to health

Plaintiff argues that health insurance policies should be governed solely by the terms of section 2706, without reference to section 2411. While such an approach may breathe life into an otherwise meaningless section 2706, it would also fly in the face of *Ingeneri* and the state policies that underlie that decision.

Although *Ingeneri* involved a legal malpractice policy, any doubt as to its applicability to health insurance policies was put to rest by *Marchiori v. American Republic Ins., Co.,* 662 A.2d 932. The Supreme Judicial Court clearly stated in this recent case that the defendant health insurance company "must prove that all three conditions [of section 2411] are satisfied." *Marchiori,* 662 A.2d at 934. Even if the Supreme Judicial Court had not spoken on this matter, there is no reason to believe that either the state Legislature or the Supreme Judicial Court intended those who purchase health insurance to receive less protection than those who purchase other types of insurance—the necessary result of the approach advocated by Plaintiff. Moreover, as the *Ingeneri* court noted, if section 2411 is applied disjunctively for health insurance policies, the insured "will enjoy less protection under the statute than under prior decisional law," which imposed a requirement of materiality in all cases. *Ingeneri,* 479 A.2d at 900.

## CONCLUSION

For the foregoing reasons, the Court holds that Plaintiff must prove all three subsections of section 2411 of the Maine Insurance Code in order to rescind Defendant's disability insurance policy.

*SO ORDERED.*

insurance policies. 24–A M.R.S.A. §§ 2702, 2703.