**AMERICAN HOME ASSURANCE COMPANY**

v.

**Philip L. INGENERI and Gardner L. Foss.**

Supreme Judicial Court of Maine.

Argued May 2, 1984.

Decided July 18, 1984.

Rudman & Winchell, Paul W. Chaiken (orally), Bangor, for plaintiff.

Vafiades, Brountas & Kominsky, Charles E. Gilbert, III (orally), Marvin H. Glazier, Bangor, for P. Ingineri.

Goodman & Rubin, Morris D. Rubin (orally), Michael E. Goodman, Bangor, for Gardner L. Foss.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

The defendants, Philip Ingeneri and Gardner Foss, appeal from a declaratory judgment entered in the Superior Court (Penobscot County) determining that plaintiff has no duty to defend or to indemnify its insured, defendant Ingeneri, in the legal malpractice action brought against Ingeneri by his former client, defendant Foss. On appeal defendants contend that the plaintiff malpractice insurance carrier is not relieved of its obligations under the policy on the grounds of either misrepresentation or lack of notice. We agree that the single misrepresentation which is supported by this record does not absolve plaintiff of its obligations in the absence of evidence that plaintiff would have offered either no coverage or different coverage had the misrepresentation not been made. We also agree that in order to avoid coverage for lack of notice the insurer must demonstrate prejudice. We sustain defendants' appeal.

1. Foss's first property loss occurred during a fire on August 16, 1976. Maine's statute of limitations for actions on insurance contracts is two years. 24–A M.R.S.A. § 2433 (1974). The

statute of limitations thus expired at 12:00 p.m. on August 16, 1978 and Ingeneri did not file suit against York Mutual until January of 1979.

## I.

Foss retained Ingeneri, an attorney, in early 1977 to represent him on three claims for fire and theft losses sustained on insured property located in Ellsworth. Ingeneri ultimately filed a Superior Court complaint regarding these claims against Foss's insurer, York Mutual Insurance Company of Maine. The insurer moved to dismiss, asserting the statute of limitations as a defense.[1] The Superior Court granted the motion to dismiss, and this Court dismissed the subsequent appeal from that decision on procedural grounds.

Foss subsequently retained new counsel and on May 30, 1980 he brought a malpractice action against Ingeneri relating to the handling of the suit against York Mutual. Plaintiff, Ingeneri's professional liability insurer, did not assume the defense of Ingeneri nor did Ingeneri cause an answer to be filed on his own behalf. After hearing on September 22, 1980, the Superior Court entered judgment by default in favor of Foss and against Ingeneri. A hearing to determine the amount of damages has yet to be held.

In December of 1980 plaintiff filed its complaint in the present action, seeking a declaration that it has no duty to defend or to indemnify Ingeneri in the Foss malpractice action. The Superior Court declared that plaintiff has no such duties, and defendants appeal.

## II.

Initially we note that in the unusual posture of this case it was possible for the Superior Court to consider simultaneously the duty to defend and the duty to indemnify. Ordinarily when an insurer challenges the extent of the coverage provided by the insurance contract, the duty to defend and the duty to indemnify are analyzed separately. Whether the insurer has a duty *to defend* is determined "by compar-

ing the allegations of the underlying complaint with the provisions of the insurance contracts." *L. Ray Packing v. Commercial Union Insurance Company*, 469 A.2d 832, 833 (Me.1983). The insured is entitled to a defense "if there exists any legal or factual basis, *which could be developed* at trial, that would obligate the insurers to pay under the policy." *Id.* (emphasis added). Whether the insurer has a duty *to indemnify* depends on whether coverage actually extends to the facts established at trial; this duty generally cannot be determined prior to trial in the underlying action. *See generally* J. Appleman, *Insurance Law and Practice* § 4684 at 83–85 (Berdal ed. 1979).

■ In this case plaintiff does not challenge the extent of the coverage provided by the contract. Rather, plaintiff seeks a declaratory judgment that the contract has been voided by misrepresentations and lack of notice. We have previously noted that under such circumstances a "declaratory judgment may be entered simultaneously as to both the duty to defend and the duty to pay." *American Policyholders' Insurance Company v. Cumberland Cold Storage Company*, 373 A.2d 247, 250 (Me.1977).

## III.

Plaintiff issued two claims-made policies of professional liability insurance to Ingeneri. The first policy covered the period of September 1, 1978 through August 31, 1979 and the second covered the period of September 1, 1979 through August 31, 1980. Only the second policy was in effect in May of 1980, when Foss filed suit against Ingeneri. The Superior Court found that Ingeneri made misrepresentations in both his original application for the first policy and his renewal application for the second policy. Relying on 24–A M.R.S.A. § 2411 (1974), the court held that those misrepresentations voided the policy.

Ingeneri's original application, dated August 16, 1978, contained the following question and response:

Is any applicant aware of any circumstances which may result in any claim being made against the applicant, their (his) predecessors in business or any of the present or past partners?

No.

If so, give full particulars.

The Superior Court found that Ingeneri's response constituted a misrepresentation because Ingeneri knew, or should have known, on August 16th that he had missed the deadline for filing the Foss complaint against York Mutual. This factual finding by the Superior Court is clearly erroneous. Foss's first property loss occurred on August 16, 1976. The two year statute of limitations for actions on insurance contracts, *see* 24–A M.R.S.A. § 2433 (1974), did not expire until 12:00 p.m. August 16, 1978. When Ingeneri filed his application earlier that day he had not yet missed the deadline and thus the Superior Court's finding of knowledge on Ingeneri's part, constructive or actual, was clearly erroneous.[2]

Ingeneri's renewal application, dated August 31, 1979, contained the same question as did the original application, and Ingeneri again responded in the negative. The Superior Court found that on August 31, 1979, Ingeneri knew, or should have known, that he had missed the deadline for filing a complaint against York Mutual. The complaint against York Mutual had been dismissed in the Superior Court on August 28, 1979. Reviewing the court's factual finding under the clearly erroneous standard, we hold that the record supports the finding that by August 31 Ingeneri knew, or should have known, that he had missed a filing deadline.

The statute which controls the effect of misrepresentations provides as follows:

All statements and descriptions in any application for insurance or for an annui-

---

2. Because we hold that there was no misrepresentation in the original application, we do not decide whether a misrepresentation sufficient to prevent a hypothetical recovery under the first policy would, by itself, preclude recovery in this case under the second policy.

ty contract, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:

*1.* Fraudulent; or

*2.* Material either to the acceptance of the risk or to the hazard assumed by the insurer; or

*3.* The insurer in good faith would either not have issued the insurance or contract, or would not have issued it at the same premium rate, or would not have issued insurance in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

24–A M.R.S.A. § 2411 (1974). In holding that Ingeneri's misrepresentation prevents recovery under the policy, the Superior Court relied on the statutory use of the disjunctive "or." The court assumed that a finding under any one of the three subparts would prevent recovery, thereby relieving plaintiff of its duty to defend and duty to indemnify. We hold that the purpose of section 2411 would be defeated unless the three subparts are read in the conjunctive and thus we decline to adopt the Superior Court's interpretation. *See* 1 M.R.S.A. § 71(2) (1979) ("The words 'and' and 'or' are convertible as the sense of a statute may require").

We begin our analysis of section 2411 by examining the prior law of warranty which this statute was intended to ameliorate. In Maine and elsewhere, in the absence of statute, whether an insurer can avoid an insurance policy on the ground that its insured made a false statement of fact often depends on whether the statement is a representation or a warranty. A representation is an oral or written statement of

fact,[3] which precedes the insurance contract, made by the insured to the insurer. A representation is not part of the contract; it is part of the negotiation leading up to the contract. *See generally* Couch on Insurance § 35:3 (R. Anderson 2d ed. 1961 & Supp.1983). A typical example of a representation is a response made by an insured in his application for insurance. A false representation of fact permits the insurer to avoid the policy *only if* the fact is material to the risk assumed by the insurer. *Sakallaris v. New York Life Insurance Company,* 134 Me. 91, 181 A. 669 (1935); *O'Brion v. Columbian National Life Insurance Company,* 119 Me. 94, 109 A. 379 (1920); *Witherell v. Maine Insurance Company,* 49 Me. 200, 203 (1861). In contrast, a warranty is a statement of fact which is made part of the contract, either by express inclusion or by express reference. *See generally* Couch on Insurance, *supra,* at 35:5. A false statement which the insured warrants to be true permits the insurer to avoid the policy *regardless* of its materiality. *See Witherell,* 49 Me. at 202–03.

Unless prohibited by statute, an insurer can convert representations in the application into warranties, simply by declaring that the application is part of the contract and that all representations are warranties. *See, e.g., Berman v. Fraternities Health and Accident Association,* 107 Me. 368, 78 A. 462 (1910); *Johnson v. Maine and New Brunswick Insurance Company,* 83 Me. 182, 22 A. 107 (1891). Under this state of the law, if the insurer later attempted to avoid the policy, the insurer needed to show only that the response in the application was false. Whether the fact was material to the risk assumed by the insurer was irrelevant.

Section 2411 was enacted in an effort to prohibit insurers from engaging in this practice and provides that "[a]ll statements and descriptions in any application for insurance ... shall be deemed to be repre-

---

**3.** An honestly held *opinion* is not a misrepresentation, even if it proves to be erroneous. *Denni-* *son v. Thomaston Mutual Insurance Company,* 20 Me. 125 (1841).

sentations and not warranties." As we have previously recognized, "[s]ection 2411 manifests a legislative purpose to protect insureds." *Patrons Mutual Insurance Company v. Rideout*, 411 A.2d 673, 676 (Me.1980) (citing Couch on Insurance, *supra*, at § 35:15).

In interpreting their counterparts to section 2411, courts in other states have split on whether the statute should be read in the conjunctive or disjunctive. *Compare Smith v. Republic National Life Insurance Company*, 107 Ariz. 112, 483 P.2d 527 (1971) (conjunctive) *with MacKenzie v. Prudential Insurance Company of America*, 411 F.2d 781 (6th Cir.1969) (applying Kentucky law) (disjunctive). *See also* Couch on Insurance, *supra*, at §§ 35:24 & 35:25. The varying interpretations are attributable to different treatment afforded false representations prior to the enactment of the statutes in question. In some states, a false representation voided the policy only if the misrepresented fact was material *and* was fraudulently made. *See generally* J. Appleman, *Insurance Law and Practice* § 7303 (1981). In other jurisdictions, a false representation voided the policy if the misrepresented fact was material *or* was fraudulently made. *See generally* J. Appleman, *supra*, at § 7304. In addition, some jurisdictions require a showing of reliance by the insurer, while others do not. *See generally* J. Appleman, *supra*, at § 7296.

Prior to enactment of section 2411, Maine case law distinguished between various types of insurance. For example, a false representation voided a *fire* insurance policy if the misrepresentation was material, regardless of whether the misrepresentation was fraudulent or innocent. *Gould v. York County Mutual Fire Insurance Company*, 47 Me. 403 (1859); *Dennison v. Thomaston Mutual Insurance Company*, 20 Me. 125 (1841) (dicta). In the context of life insurance, on the other hand, this Court left open the issue whether material misrepresentations, though innocently made,

would permit the insurer to avoid the policy. *Sakallaris v. New York Life Insurance Company*, 134 Me. 91, 181 A. 669 (1935) (voiding policy on finding of both fraud and materiality). *See also Malloy v. New York Life Insurance Company*, 103 F.2d 439, 444 (1st Cir.1939) (applying Maine law). We have found no Maine cases which require actual reliance by the insurer before a policy could be voided. The only requirement consistently found in all cases is the requirement of materiality.

█ Subpart 2 of section 2411 is the only subpart which addresses the materiality of the misrepresentation.[4] If section 2411 is read in the disjunctive, it is clear that the insured will enjoy less protection under the statute than under prior decisional law. For example, a fraudulent representation, although non-material, would void the policy even though not relied on by the insurer. We conclude that the legislative purpose of protecting the insured would be defeated unless the statute is read in the conjunctive, thereby requiring proof of fraud, materiality, and actual reliance.

█ In the present case, the Superior Court found that plaintiff met its burden of establishing materiality under subpart 2 and found in the alternative, that reliance had been established under subpart 3. The record contains no evidence to support the court's finding with regard to reliance. Plaintiff did not present evidence that it would not have renewed the policy or would have issued different coverage had the true facts been disclosed. We conclude that because the three requirements under section 2411 have not been established, plaintiff is not relieved of its obligations under the policy.

## IV.

The Superior Court also held that plaintiff is relieved of its duty to defend and its duty to indemnify because Ingeneri failed to satisfy the notice requirements of the policy and plaintiff was thereby prejudiced.

---

**4.** Subpart 1 deals with fraud and subpart 3 deals with actual reliance.

It is undisputed that Ingeneri did not himself give written notice as required by the policy; however, Foss's new counsel did give written notice of the suit to the agent of the insurer by letter dated July 17, 1980. Plaintiff argued, and the Superior Court agreed, that despite receipt of the July 17th letter, plaintiff was nonetheless prejudiced by Ingeneri's failure to give timely notice because on July 14th Ingeneri had been defaulted for his failure to file an answer. Plaintiff argues that because it had no opportunity to investigate the claim and no opportunity to defend Ingeneri prior to default, it should not be liable to defend Ingeneri at the hearing to assess damages, nor should it be liable to indemnify him for those damages.

■ The Superior Court's reliance on the events of July 14th is misplaced. The clerk's entry of default on July 14th was merely a ministerial act which had no preclusive effect on the parties or issues until judgment was entered by the court. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 55.1 (2d ed. 1970 & Supp.1981). The entry of *default judgment* did not occur until after hearing on September 22, 1980. By virtue of the July 17 letter from Foss's new counsel, plaintiff had ample opportunity to investigate the claim and to protect its interests prior to the entry of the default judgment. The evidence does not support the Superior Court's finding that plaintiff was prejudiced by Ingeneri's failure to give notice. In the absence of prejudice to the insurer, we hold that notice by a third party constituted sufficient compliance with the provisions of the policy. *See generally* Couch on Insurance, *supra,* at § 49:101.

Because the Superior Court erred with respect to the issues of misrepresentation and notice, we reverse the court's declaration that plaintiff is relieved of its duty to defend. The declaration that there is no duty to indemnify must be vacated to await final adjudication of the underlying claim for malpractice.

The entry shall be:

Judgment declaring the parties' rights with respect to the duty to defend reversed and remanded for entry of declaratory judgment consistent with the opinion herein.

Judgment declaring the parties' rights with respect to the duty to indemnify vacated.

All concurring.