Helen NASBERG

v.

CITY OF AUGUSTA.

Supreme Judicial Court of Maine.

Submitted on Briefs May 16, 1995.

Decided July 26, 1995.

James S. Hewes, Portland, for plaintiff.

Charles E. Moreshead, Augusta, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Helen Nasberg appeals from an order of the Superior Court (Kennebec County, *Alexander, J.*) denying her motion for a preliminary injunction to order the City of Augusta to place a proposed charter amendment on the municipal ballot. We are unpersuaded by Nasberg's contention that the City should have been required to put a proposed charter amendment on the municipal ballot, and we affirm the judgment of the Superior Court.

In June 1994, five citizens of Augusta filed an affidavit [1] with the City Clerk of Augusta requesting that a proposed amendment to the City's charter [2] be placed on the ballot at the next regular election. *See* 30–A M.R.S.A. §§ 2102(3), 2104(3) (Pamph.1994). In September 1994, after the citizens submitted a sufficient number of signed petition forms to the City Clerk's office, the Deputy City Clerk issued a certificate of sufficiency. *See id.* § 2102(4).

On September 26, a public hearing was held on the proposed charter amendment. The City's attorney submitted a letter to the Mayor and City Council concluding that the proposed charter amendment violates Me. Const. art. IV, pt. 3, § 21. The City Council voted not to place the proposed amendment on the ballot of the next municipal election and advised those seeking to have the amendment placed on the ballot that, if they still wanted the proposal on the ballot, they would have to obtain a written opinion by an attorney stating that the proposed charter amendment did not violate any law or constitutional provision. *See* 30–A M.R.S.A. § 2104(5)(B) (Pamph.1994).

■ Without securing an attorney's letter, on September 30, Nasberg filed a complaint and a motion for a preliminary injunction in the Superior Court seeking to compel the City to place the proposed charter amendment on the November 8, 1994 ballot.[3] Following a hearing, the Superior Court denied Nasberg's motion for a preliminary injunction. Nasberg then filed this appeal.[4]

■ Nasberg contends that municipal officers do not have the legal authority to prohibit the placement of a citizen initiated proposed charter amendment on a municipal ballot when the citizens have submitted a valid petition and the City Clerk has issued a certificate as to its sufficiency. She further contends that it is solely the responsibility of the municipal officers, and not the citizens, to get a legal opinion concerning the proposal. Nasberg does not contend that the City act-

---

1. Nasberg was not one of the five voters who submitted the affidavit.

2. The amendment would allow modification to the City's appropriation resolve by act of petition by registered voters.

3. The complaint was captioned as being brought by "the Circulators and signers of a charter amendment," and it was signed by Helen Nasberg as the sole representative of the plaintiffs.

4. A denial of a preliminary injunction may be appealable as an "extraordinary circumstances" exception to the final judgment rule. *See First Nat'l Bank of Boston v. City of Lewiston*, 617 A.2d 1029, 1030 (Me.1992).

ed in bad faith or for an impermissible purpose when it refused to put the proposed amendment on the ballot.

30–A M.R.S.A. § 2104(5)(B) (Pamph.1994) provides in pertinent part:

> Within 7 days after the public hearing, the municipal officers or the committee appointed by them shall file with the municipal clerk a report containing the final draft of the proposed amendment and a *written opinion by an attorney admitted to the bar of this State that the proposed amendment does not contain any provision prohibited by the general laws, the United States Constitution or the Constitution of Maine.*

(Emphasis added).

In interpreting a statute, we first examine the plain meaning of the statutory language seeking to give effect to the legislative intent, and we construe the statutory language to avoid absurd, illogical, or inconsistent results. *Jordan v. Sears, Roebuck & Co.*, 651 A.2d 358, 360 (Me.1994). In addition, we consider "'the whole statutory scheme of which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved.'" *Id.* (quoting *Davis v. Scott Paper Co.*, 507 A.2d 581, 583 (Me.1986)).

The plain language of the statute requires the opinion of an attorney stating that the proposed amendment does not violate the law. The statute contains that provision as a requirement to placing a proposed amendment on the municipal ballot. In this case, that requirement was not met.

Although we do not address the constitutionality of section 2104(5)(B) because the issue was not raised before the Superior Court,[5] it is clear that there are limitations as to what may be put to referendum in a municipality. Contrary to Nasberg's contention, a municipality is not obligated to put every citizen-initiated charter amendment on the municipal ballot. *See Anderson v. Frost*, 146 Me. 270, 80 A.2d 407 (1951); *Anderson v. Colley*, 145 Me. 95, 73 A.2d 37 (1950). For

example, a municipality has properly declined to place a referendum on state affairs on the municipal ballot. *Burkett v. Youngs*, 135 Me. 459, 467, 199 A. 619 (1938); *see also Albert v. Town of Fairfield*, 597 A.2d 1353, 1354 (Me.1991). The intent of the requirement for an attorney's letter is to prevent clearly unconstitutional provisions from being placed on municipal ballots.

Section 2104(5)(B) provides that an attorney must give an opinion on the legality of a proposed initiative before it is submitted to the voters. That provision was not complied with, and, in the absence of any fraud or bad faith by the City, the Superior Court correctly denied Nasberg's motion for a preliminary injunction.

The entry is:

Order affirmed.

All concurring.

---

**5.** Nasberg did not challenge the constitutionality of 30–A M.R.S.A. § 2104(5)(B) before the Superior Court, and therefore, we do not offer any opinion as to the validity of that statute. *New England Whitewater Ctr., Inc. v. Department of Inland Fisheries & Wildlife*, 550 A.2d 56, 58 (Me.1988).