2000 ME 27

YORK MUTUAL INSURANCE COMPANY

v.

Bruce BOWMAN and Wanda Bowman

Supreme Judicial Court of Maine.

Argued Dec. 6, 1999.

Decided Feb. 14, 2000.

Timothy C. Woodcock (orally), Weatherbee, Woodcock, Burlock & Woodcock, P.A., Bangor, for plaintiff.

Wm. Thomas Hyde (orally), Merrill, Hyde, Fortier & Youney, P.A., Skowhegan, for invervenors Michael and Cynthia Michaud.

Defendants Bowman did not participate in this appeal.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

WATHEN, C.J.

[¶ 1] Plaintiff York Mutual Insurance Company appeals from the judgment of

the Superior Court (Penobscot County, *Mead, J.*) denying its claim for rescission of an insurance contract on the basis of misrepresentation in the application. York Mutual argues that the court misconstrued the requirement that the misrepresentation be material pursuant to 24–A M.R.S.A. § 2411 (1990). We agree and we vacate the judgment.

[¶ 2] The relevant facts may be summarized as follows: During late January and early February, 1993, Wanda Bowman applied through insurance agents for automobile liability insurance with York Mutual. During the application process, Mrs. Bowman identified herself and her husband, Bruce Bowman, as prospective insureds, but failed to identify her sons Chad Bowman, then age 17, and Shawn Bowman, then age 20, as either having an ownership interest in any of the vehicles being insured or as being temporarily away from home. In connection therewith, she also failed to inform the insurance agents that as of the date of the application, Shawn had the following convictions on his driving record: (1) speeding, July 23, 1990; (2) failure to keep right, December 18, 1990; (3) unnecessary tire noise, July 22, 1991; (4) blood alcohol content of .02 or more, August 3, 1991. Nor did she inform them that as of that same date, Chad had the following convictions on his driving record: (1) speeding, October 21, 1991; (2) speeding, May 20, 1992. Had the insurance agents known that two of the five vehicles to be insured were jointly owned with the sons, they would have required Wanda and Bruce Bowman to produce the sons' driving records and the convictions would have been revealed. Further, Wanda Bowman failed to inform the insurance agents that she and her husband had experienced the cancellation of an insurance policy in the previous three years, more particularly, that their auto liability policy with Patrons Oxford Mutual Insurance Company had been canceled, effective January 24, 1993, and that, as of the date of the application, they had been without auto liability insurance for nearly ten days.

[¶ 3] On or about May 2, 1993, Bruce Bowman was involved in a motor vehicle collision with Michael Michaud and Cynthia Michaud. The Michauds made a claim against him. York Mutual filed a complaint for declaratory judgment asking the court to rescind the insurance liability contract with Bruce and Wanda Bowman. The Michauds filed a petition to intervene and a cross-claim against Bruce and Wanda Bowman. The court granted the Michauds' petition to intervene, but ordered that the claim asserted by the Michauds against the Bowmans be tried separately from and after the resolution of the claim of York Mutual against the Bowmans. The Bowmans filed a counterclaim against York Mutual and a third party complaint against the insurance agents for York Mutual's refusal to defend the Bowmans in the underlying personal injury claim and seeking indemnification from the insurance company and agents for any damages awarded to cross-claimants.

[¶ 4] The third party action against the insurance agents was dismissed, and, after a jury-waived trial, the court entered a judgment denying York Mutual's claim for rescission of the insurance contract and declared that York Mutual has the duty to defend and indemnify Bruce Bowman under the terms of the subject policy. York Mutual filed a motion for findings of fact and conclusions of law and reconsideration of the order. The court adopted York Mutual's findings, but denied its motion for reconsideration. York Mutual now appeals.

[¶ 5] York Mutual argues that the court erred by misconstruing the meaning of materiality in 24–A M.R.S.A. § 2411(2). Statutory interpretation is a matter of law, *see Cook v. Lisbon Sch. Comm.,* 682 A.2d 672, 676 (Me.1996), and "we first examine the plain meaning of the statutory language seeking to give effect to the legislative intent and we construe the statutory language to avoid absurd, illogical, or inconsistent results." *See Nas-*

*berg v. City of Augusta,* 662 A.2d 227, 229 (Me.1995). We also construe the " 'whole statutory scheme of which the section at issue forms a part so that a harmonious result, presumably the intent of the Legislature, may be achieved.' " *Id.* (citations omitted).

[¶ 6] The statute in effect at the time of this action provides as follows:

### § 2411. Representations in applications

All statements and descriptions in any application for insurance or for an annuity contract, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:

1. Fraudulent; or

2. Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

3. The insurer in good faith would either not have issued the insurance or contract, or would not have issued it at the same premium rate, or would not have issued insurance in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

24–A M.R.S.A. § 2411 (1990), *amended by* P.L.1999, ch. 223, § 1 (effective September 18, 1999).[1] In *American Home Assurance Co. v. Ingeneri,* 479 A.2d 897 (Me.1984), we ruled that the applicable version of the statute spoke in the conjunctive rather than the disjunctive, and that all three criteria must be met before the misrepresentation or omission could prevent a recovery under the policy. *See id.* at 900. We ruled that materiality was defined only in subsection 2, whereas subsection 1 concerned fraud and subsection 3 concerned actual reliance. *See id.* at 901 & n. 4.

[¶ 7] The court in the present case concluded that the criteria in subsections 1 and 3 were met. The court found that Wanda Bowman's omitted statements concerning her sons and their driving records and the cancellation of her automobile insurance policy were willfully withheld and constituted fraudulent statements to the insurance agents and York Mutual. Had the insurance agents and York Mutual been aware of the sons or the cancellation of the prior policy, the agents would not have placed the insurance contract with York Mutual and York Mutual would not have issued the auto liability policy to the Bowmans.

---

1. The statute as amended provides as follows:

All statements and descriptions in any application for insurance or for an annuity contract, by or in behalf of the insured or annuitant, are deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements may not prevent a recovery under the policy or contract unless either:

1. Fraudulent; or

2. Material either to the acceptance of the risk, or to the hazard assumed by the insurer, such that the insurer in good faith would either not have issued the insurance or contract, or would not have issued it at the same premium rate, or would not have issued insurance in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

3. Deleted.

To prevent a recovery under this section for any application for life, credit life, disability, long-term care, accidental injury, specified disease, hospital indemnity or credit or accident insurance, an insurer need only prove one of the acts described in this section, not an act under subsections 1 and 2.

P.L.1999, ch. 223, § 1 (effective September 18, 1999) (codified at 24–A M.R.S.A. § 2411 (Supp.1999)). The statute was amended to clarify the Legislature's intent that section 2411 be read in the disjunctive, in response to *American Home Assurance Co. v. Ingeneri,* 479 A.2d 897 (Me.1984). Comm. Amend. A to L.D. 1762, No. H–246, Statement of Fact (119th Legis.1999).

[¶ 8] The court concluded, however, that York Mutual failed to establish materiality as required by subsection 2. The court determined that the language of subsection 2 "hones in on whether misstatements went to the heart of '. . . the risk . . .' or were simply regarding some superfluous, non-germane point." The court defined the risk as follows: "The insurer undertook to insure the risk that Wanda or Bruce Bowman might operate a motor vehicle negligently." The court found that, although the misstatements or omissions in the application were material to the question of whether the policy would have issued at all, they were not material to the underwriting of the risk "that Wanda Bowman or Bruce Bowman might operate a vehicle negligently."

▇ [¶ 9] The court focused too narrowly on the actual cause of the loss in the subject accident. When section 2411 is read as a whole, subsection 2 imposes an objective test of materiality. The relevant inquiry is not whether the misrepresentations related to the cause of the particular loss in question. Rather, it is whether the facts, if truly stated, would have influenced a reasonable insurer in deciding whether to accept or reject the risk of entering into the contract, in fixing the premium rate, in fixing the amount of insurance coverage, or in providing coverage with respect to the hazard resulting in the loss.

[¶ 10] Our interpretation of subsection 2 is supported by decisions in other jurisdictions with similar statutes. Although courts differ in whether they treat the criteria in the disjunctive or conjunctive and in whether they distinguish between subsections 2 and 3, the common factor is that materiality is treated as an objective test. *See Central Nat'l Life Ins. Co. v. Peterson*, 23 Ariz.App. 4, 529 P.2d 1213, 1216 (1975); *Singer v. Nationwide Mut. Fire Ins. Co.*, 512 So.2d 1125, 1128–29 (Fla.Dist.Ct.App.1987); *Woods v. Independent Fire Ins. Co.*, 749 F.2d 1493, 1497 (11th Cir.1985) (applying Georgia law); *John Hancock Mut. Life Ins. Co. v. Con-*

*way*, 240 S.W.2d 644, 646 (Ky.Ct.App. 1951); *Massachusetts Mut. Life Ins. Co. v. Allen*, 416 P.2d 935, 941 (Okla.1965); *Powell v. Time Ins. Co.*, 181 W.Va. 289, 382 S.E.2d 342, 349–50 (1989). As one treatise notes,

Under the most widely accepted test of materiality, a fact that has been misstated or omitted is deemed "material" if it could reasonably be considered as affecting the insurer's decision to enter into the contract, or its evaluation of the degree or character of the risk, or its calculation of the premium to be charged. "Materiality is determined solely by the probable and reasonable effect which truthful answers would have had upon the insurer." The standard by which materiality is judged is an objective one. Moreover, "materiality must be assessed as of the time the contract was entered into."

The test of materiality is whether the misrepresentation has deprived the insurance company of its free choice as to the nature of the risk it wishes to insure. The question is "not whether the company *might have issued* the policy even if the information had been furnished; the question . . . is whether the company has been induced to accept an application which it *might otherwise have refused.*"

BARRY R. OSTRAGER & THOMAS R. NEWMAN, HANDBOOK ON INSURANCE COVERAGE DISPUTES § 3.01[e] at 88–89 (9th ed.1998) (citations omitted); *see also* 6 LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE 3D §§ 82:13 & 82:14 (1996).

[¶ 11] In the present case, the court interpreted materiality too narrowly and did not determine whether a reasonable insurer would have accepted or rejected the risk of entering the insurance contract at all or would have fixed a higher premium or a different coverage amount. The record contains sufficient facts, if believed, for the court to conclude on remand that the misrepresentations and omissions would have caused a reasonable insurer to

refuse to issue the policy or to have fixed a higher premium or a different coverage amount.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.

ALEXANDER, J., with whom SAUFLEY, J., joins concurring.

[¶ 12] I concur that we should vacate the trial court's judgment. The trial court found that Wanda Bowman's willfully omitted statements were fraudulent statements. The trial court also found that York Mutual would not have issued the auto liability policy to the Bowmans had they been aware of the sons' status and the cancellation of the prior policy. With these findings and the objective materiality standard that must be applied, there is no dispute as to material fact that no reasonable insurer would have accepted this risk at the same premium and coverage amount. There are no further facts to be found and no need for remand for further factfinding. I would remand for entry of judgment for York Mutual on its claim for rescission of the insurance contract.