STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                         DOCKET NO. CV-06-018

                                                   PAF-YOR- 9/14/0✓

LIBERTY INSURANCE UNDERWRITERS, INC.,

                    Plaintiff


v.                                          **ORDERS AND DECISION**


ESTATE OF PETER D. FAULKNER, et al.,

                    Defendants


On July 29, 2003 now deceased attorney Peter D. Faulkner of Sanford signed an initial application for Lawyers Professional Liability Insurance. That application asked the question of whether "After inquiry, has any lawyer to be insured under this policy: ... B. ever been disbarred or been the subject of reprimand, censure, sanction or other disciplinary action, or been refused admission to the Bar?" The question was incorrectly answered "no" despite a December, 2002 public reprimand by the Maine Board of Overseers of the Bar. A one-year policy effective September 18, 2003 was issued.

On September 3, 2004 Mr. Faulkner signed a briefer form called Lawyers Professional Liability Insurance Renewal Application. This time he accurately answered "no" to the narrower question of whether "After inquiry, have any of the following occurred during your expiring policy: A. Disciplinary action against any lawyer (including disbarment reprimand, censure or sanction)?" A policy for a second year effective September 18, 2004 issued.

Mr. Faulkner died on June 21, 2005 and several claims have been brought against his estate which may be covered by his professional liability policies with the plaintiff. The plaintiff has filed an amended complaint against the personal representative of the estate and possible claimants under the policies. The defendants Gilles Fecteau and Lorraine Fecteau have filed a motion to dismiss, the plaintiff has filed a motion for summary judgment and defendant Cooke & Young has filed a cross-motion for summary judgment.

All of the motions require an examination of what effect Mr. Faulkner's misrepresentation or incorrect statement has on the coverage during the initial and renewal year.

The Maine legislature has enacted and amended a statute which determines when an insurance company can void a policy for misrepresentations or incorrect statements. That legislation reads as follows:

> All statements and descriptions in any application for insurance or for an annuity contract, by or in behalf of the insured or annuitant, are deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts and incorrect statements may not prevent a recovery under the policy or contract unless either: 1. Fraudulent; or 2. Material either to the acceptance of the risk, or to the hazard assumed by the insurer, such that the insurer in good faith would either not have issued the insurance or contract, or would not have issued it at the same premium rate, or would not have issued insurance in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise. 3. Deleted. To prevent a recovery under this section for any application for life, credit life, disability, long-term care, accidental injury, specified disease, hospital indemnity or credit or accident insurance, an insurer need only prove one of the acts described in this section, not an act under subsections 1 and 2.

See 24-A M.R.S.A. §2411.

2

Some of the issues raised by the parties are easily resolved. Since the application and reapplication were for professional liability coverage and not one of the listed forms of insurance in the last sentence of Section 2411, the plaintiff must establish that the misrepresentation or incorrect statement was fraudulent and material to the acceptance of the risk. It is insufficient that only one be established. See *American Home Assurance Company v. Ingeneri*, 479 A.2d 897, 901, (Me. 1984) and *York Mutual Insurance Company v. Bowman*, 2000 ME 27, ¶6, 746 A.2d 906, 908. While the plaintiff in retrospect, and perhaps as part of its normal underwriting, would have been well advised to check whether Mr. Faulkner's representations regarding his disciplinary record were correct the plaintiff may justifiably rely on the representations, without investigating their truth or falsity, unless the plaintiff knew the representations were false or their falsity was obvious. *Letellier v. Small*, 400 A.2d 371, 376 (Me. 1979), *Ferrell v. Cox*, 617 A.2d 1003, 1006 (Me. 1992) and Justice Alexander's Maine Jury Instruction Manual §7-30.

The two policy years must be separated as the second year poses an extra and important issue.

The Legislature in 1999 rewrote §2411 to blend three requirements into what are now contained under two headings. There is no dispute that the initial application contains a misrepresentation or incorrect statement.

Cooke & Young and other defendants have argued that it is not sufficiently clear that the misrepresentation or incorrect statements were fraudulent and material such that the insured in good faith would not have issued the policy, would not have issued it for the same premium or would not have provided as much coverage had the true facts been known.

To prove fraud the plaintiff must establish by clear and convincing evidence, that it is highly probable, that Mr. Faulkner (1) made a false representation (2) of a material

3

fact (3) with knowledge of its falsity or in reckless disregard of whether it was true or false (4) for the purpose of inducing another to act in reliance upon it and (5) the plaintiff justifiably relied upon it. See *Letellier* at 376. Requirements (1), (2), (4) and (5) have been met. The incorrect information was material to the decision whether to insure Mr. Faulkner at all or at what premium or coverage. See *Bowman* at 909, ¶9.

Cooke & Young has noted that Mr. Faulkner incorrectly listed the year he started his firm. It argues that it is possible that the false representation regarding disciplinary action was not made with knowledge of its falsity and was simply a careless error. However likely or unlikely that possibility is I cannot find that fraud has been proven under summary judgment standards.

The false statement is certainly material to the acceptance of the risk. The further requirement that the material misrepresentation would have caused the insurer in good faith to decline coverage or modify coverage or premiums, if the truth was known, is disputed and will require a trial to resolve.

For the first year fraud and materiality must still be proven. Fraud has not been established because of the requirement that the false representation be made with knowledge of its falsity. The false statement is material but the remainder of 24-A §2411(2) needs to be established.

A more difficult issue, which remains undecided, See *Ingeneri*, n.2 at 899, is whether the second year is sufficiently separate from the first policy year. There was a misrepresentation or incorrect statement in the initial application while there was not in the briefer renewal application. There is nothing in the documents that I have received which directly incorporates the initial application in to the renewal application. It would certainly be possible for the plaintiff to have asked all of the initial questions again or explicitly stated that the initial application formed a basis for the renewal

4

decision or asked a brief question to the effect of was everything that you have told us before accurate.

A narrow reading of the statute at 24-A M.R.S.A. §2411 has been ably advocated by defendant John Bshara. The section states that "Misrepresentation ... and incorrect statements may not prevent a recovery under the policy or contract unless ...". Mr. Bshara has argued that the second year was a second policy and that all statements in the renewal application were accurate. Therefore, the policy remains in effect. This valiant argument ignores the fact that the initial application which led to the initial policy contained a misrepresentation or incorrect statement. The initial decision to provide coverage was based on false information and effects decisions to renew. The initial coverage normally leads to a second year of coverage absent new information. The renewal application understandably focused on the first year's experience not the pre-coverage experience. An insured should not escape the consequences of a material misrepresentation, particularly because he fortuitously remains claim and discipline free for a year.

I have read the Lexis 50 page version of *In re Healthsouth Corporation Insurance Litigation*, 308 F.Supp. 2d 1253 (N.D. Ala., 2004), 2004 U.S. Dist. Lexis 4454 and found that Maine precedents and an analysis of the Maine statute, which varies slightly, were more helpful.

All motions will be denied.

The entries are:

The motion to dismiss amended complaint filed by Gilles Fecteau and Lorraine Fecteau is denied.

Plaintiff's motion for summary judgment is denied.

Cross-motion for summary judgment of defendant Cooke & Young is denied.

5

Dated:     September 19, 2006


_Paul A. Fritzsche_
Paul A. Fritzsche
Justice, Superior Court


Martica S. Douglas, Esq. - PL
Gilles L. & Lorraine A. Fecteau - DEFS - PRO SE
Denise M. Bass - DEF - PRO SE
Claire M. Hussey - DEF - PRO SE
William H. Leete, Jr., Esq. - DEFS - Karl & Robin Hoose
James F. Cloutier, Esq. - DEFS - Alan & Debra Russell
John H. Rich, Esq. - DEF - William Howison, PR Estate of Peter Faulkner
Robert MIttel, Esq. - DEF - Blethen Maine Newspaper, Inc.
Thomas Van Houten, Esq. - DEF - John Bshara, Jr.
James J. Shirley, Esq. - DEF - Cooke & Young Development, LLC


6