MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2020 ME 48
Docket:      Cum-19-169
Argued:      March 4, 2020
Decided:     April 14, 2020

Panel:       MEAD, GORMAN, JABAR, HORTON, and HJELM, JJ.

# WILMINGTON SAVINGS FUND SOCIETY, FSB

v.

# DAVID A. ABILDGAARD

MEAD, J.

[¶1]    Wilmington Savings Fund Society, FSB, as Trustee for RPMLT 2014-1 Trust, Series 2014-1, appeals from a judgment entered in the Superior Court (Cumberland County, *Mills, J.*) in favor of David A. Abildgaard following a bench trial on Wilmington's foreclosure complaint. *See* M.R. App. P. 2B(c)(1). Wilmington argues that the trial court erred in its interpretation of 14 M.R.S. § 6111 (2018)[1] when it excluded from evidence Wilmington's proffered notice of default and right to cure. Because Wilmington failed to present evidence at trial of all necessary elements of its foreclosure claim, we affirm the judgment.

---

[1] Title 14 M.R.S. § 6111 (2018) has since been amended but not in any way relevant to this appeal. *See* P.L. 2019, ch. 361, §§ 1-2 (effective Sept. 19, 2019).

## I. BACKGROUND

[¶2] On September 30, 2006, Abildgaard executed and delivered a promissory note and allonge in favor of Wilmington. To secure the note, Abildgaard executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for Wilmington, a mortgage on real property located in Portland. Wilmington is the current mortgagee, and Rushmore Loan Management Services is the current loan servicer for Wilmington on the mortgage. In June 2017, Rushmore sent a letter of notice of default and right to cure to Abildgaard. Wilmington filed a foreclosure complaint against Abildgaard in August 2017. The court held a bench trial in March 2019, after which it entered judgment for Abildgaard.

## II. DISCUSSION

[¶3] In order to prevail on a foreclosure action, a plaintiff must prove eight elements, including that it sent Abildgaard a proper notice of default and right to cure. *See* 14 M.R.S. § 6111; *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (outlining the eight elements). At trial, the court admitted in evidence the promissory note, mortgage, loan modification agreement, and mortgage assignments. The court then excluded from evidence the notice of default and right to cure proffered by Wilmington on the basis that it did not

comply with the requirements of 14 M.R.S. § 6111. At that point, Wilmington rested its case. Abildgaard then moved for the court to enter judgment as a matter of law. *See* M.R. Civ. P. 50(d). The court entered judgment for Abildgaard on April 11, 2019.

[¶4] When Wilmington voluntarily rested its case at trial, it did so after the court had excluded the notice of default and right to cure, but before Wilmington had presented evidence regarding a number of elements of its foreclosure claim.[2] Wilmington argues on appeal that the trial court erred in excluding the notice of default and right to cure. Even if we were to reach that issue, however, the fact remains that Wilmington rested before presenting evidence necessary to support its foreclosure claim. In essence, Wilmington asks us to vacate the Superior Court's ruling on the admissibility of the notice of default and remand for the court to resume the trial at the point where Wilmington rested its case. Pursuant to the final judgment rule, we have long adhered to a policy prohibiting such "piecemeal appellate review." *In re Spring*

---

[2] Wilmington failed to present any evidence, by offer of proof or otherwise, on the remaining elements of its foreclosure complaint. Instead, Wilmington chose to rest its case, stating, "In terms of any further exhibits to be offered by plaintiff, whether they are admitted or denied, is unnecessary because, without a compliant demand letter, I don't believe the Court can sufficiently find that the plaintiff has met it[]s burden and grant it judgment."

4

*Valley Dev.*, 300 A.2d 736, 754 (Me. 1973) (citing *Hand v. Nickerson*, 148 Me. 465, 467, 95 A.2d 813 (1953)).

[¶5]  Instead of resting its case when the court excluded one piece of evidence, Wilmington had two options.  It could have proceeded to present evidence to establish the remaining elements of its claim, thereby finalizing all issues that could arise on appellate review and preventing piecemeal litigation.  Alternatively, it could have sought to invoke Rule 24 of the Maine Rules of Appellate Procedure to resolve the question of law involving 14 M.R.S. § 6111.  Rule 24 serves as an exception to the prohibition against interlocutory appeals and enables us, in limited circumstances, to consider interlocutory questions of law that are reported to us by the trial court.  M.R. App. P. 24(a), (c); *Liberty Ins. Underwriters, Inc. v. Estate of Faulkner*, 2008 ME 149, ¶¶ 5-9, 957 A.2d 94.  Here, Wilmington failed to pursue either of these options, leaving the court with no choice but to grant Abildgaard's motion for judgment as a matter of law, resulting in a final judgment against Wilmington.  Where a mortgagee fails to present evidence to establish all required elements of a foreclosure claim, the mortgagor is entitled to a judgment on the merits, *see Wells Fargo Bank, N.A. v. Girouard*, 2015 ME 116, ¶ 9, 123 A.3d 216, and the court therefore did not err by entering judgment for Abildgaard.

The entry is:

Judgment affirmed.

_____

John A. Doonan, Esq., Doonan, Graves & Longoria, LLC, Beverly, Massachusetts, and Thomas J. O'Neill, Esq. (orally), Day Pitney LLP, Stamford, Connecticut, for appellant Wilmington Savings Fund Society, FSB

Peter L. Hatem, Esq. (orally), Scarborough, for appellee David A. Abildgaard

Cumberland County Superior Court docket number RE-2017-204
FOR CLERK REFERENCE ONLY